UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WILLIAM HENNESSY, by and through
his Guardian, JOSEPHINE HENNESSY,

               Plaintiff,

   -against-                                   REPORT AND
                                             RECOMMENDATION
194 BEDFORD AVE REST CORP.               21 CV 5434 (FB)(RML)
d/b/a DZIUPLA and NORTHSIDE
PROPERTIES INC.,

               Defendants.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

       By order dated February 7, 2022, the Honorable Frederic Block, United States District Judge, referred plaintiff's motion for a default judgment to me for report and recommendation. For the reasons set forth below, I respectfully recommend that plaintiff's motion be granted in part and denied in part.

## BACKGROUND AND FACTS

       On September 30, 2021, plaintiff William Hennessy, by and through his guardian Josephine Hennessy ("plaintiff"), filed this action against defendant 194 Bedford Avenue Rest Corp. d/b/a Dziupla and Northside Properties Inc. ("defendants"), alleging violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW § 296, *et seq.*; the New York State Civil Rights Law ("NYSCRL"), N.Y. Civ. Rights Law §§ 40-c, 40-d; and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code § 8-107. Plaintiff seeks declaratory and injunctive relief, compensatory damages, and attorney's fees and costs. (See Complaint, dated Sept. 30, 2021

("Compl."), Dkt. No. 1.)  Plaintiff has demonstrated that defendants were properly served with the summons and complaint.  (See Affidavits of Service of Robert Guyette, sworn to Oct. 13, 2021, Dkt. Nos. 6, 7.)  Despite proper service, defendants have failed to appear or otherwise defend this action.  (See Status Report, dated Dec. 21, 2021, Dkt. No. 8.)  On January 21, 2022, plaintiff requested a certificate of default pursuant to Federal Rule of Civil Procedure 55(a).  (Request for Certificate of Default, dated Jan. 21, 2022, Dkt. No. 9.)  On January 26, 2022, the Clerk of the Court noted defendants' default.  (See Certificate of Default, dated Jan. 26, 2022, Dkt. No. 10.)  Plaintiff filed the instant motion for default judgment on February 3, 2022.  (Motion for Default Judgment, dated Feb. 3, 2022, Dkt. No. 11.)  On February 7, 2022, Judge Block referred plaintiff's motion to me for a report and recommendation.  (Order, dated Feb. 7, 2022.)

Plaintiff, a Brooklyn resident, has cerebral palsy with spastic quadriplegia and uses a wheelchair for mobility.  (Compl. ¶ 6.)  Plaintiff is therefore a qualified individual with a disability under the ADA, NYSHRL, NYSCRL, and NYCHRL.  42 U.S.C. § 12102; N.Y. EXEC. LAW § 292; N.Y. Civ. Rights Law §§ 40-c, 40-d; N.Y. Admin. Code § 8-107.  Defendants are alleged to "operate and/or lease" a property (the "Premises") at 194 Bedford Avenue in Brooklyn, New York.  (Id. ¶¶ 7, 16.)  The Premises is alleged to be a place of public accommodation within the meaning of the ADA, NYSHRL, NYSCRL, and NYCHRL.  (Id. ¶¶ 7, 9-11.)  Plaintiff alleges that the Premises contains numerous architectural barriers that prevent or restrict plaintiff's full use and enjoyment of the Premises, including no ramp at the main entrance and no handrails.  (Id. ¶¶ 12, 21.)  Further, plaintiff alleges that he attempted to visit the Premises within the past three years and that he intends on "returning to the Premises in the future."  (Id. ¶¶ 16-17.)

# DISCUSSION

Upon default, defendants are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability, but not those related to damages. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). Even after properly serving a defendant and securing an entry of default, a plaintiff seeking a default judgment must set forth facts sufficient to state a legitimate cause of action. See Chanel, Inc. v. Schwartz, No. 06 CV 3371, 2007 WL 4180615, at *3 (E.D.N.Y. Nov. 19, 2007). "[I]t remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (collecting cases); see also Au Bon Pain, 653 F.2d at 65; Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010).

1. Americans with Disabilities Act Claim

    A. Standing

Standing is an "irreducible constitutional minimum." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Therefore, even where the defendant has not challenged the plaintiff's standing, the court still must evaluate whether the plaintiff has standing. Garnet v. Ramos Bros. Inc., No. 16 CV 2792, 2017 WL 590323, at *1 (E.D.N.Y. Feb. 13, 2017) (citing Access 4 All, Inc. v. Thirty E. 30th St., LLC, No. 04 CV 3683, 2006 LEXIS 96742, at *35-36 (S.D.N.Y. Dec. 11, 2006)). To invoke the jurisdiction of the federal courts, "a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his [or her] standing to sue at each stage of the litigation." Brown v. Mermaid

Plaza Assocs. LLC, No. 13 CV 760, 2018 WL 2722454, at *5 (E.D.N.Y. Mar. 8, 2018) (quoting Chapman v. Pier I Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011)).

To establish standing, a plaintiff must prove: "(1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187 (2d Cir. 2013) (per curiam). In ADA cases, "a 'broad view of constitutional standing' is appropriate because 'private enforcement suits are the primary method of obtaining compliance with the Act.'" Brown, 2018 WL 2722454, at *6 (quoting Harty v. Spring Valley Marketplace LLC., No. 15 CV 8190, 2017 WL 108062, at *6 (S.D.N.Y. Jan. 9, 2017)). To establish standing in an ADA suit seeking injunctive relief for lack of access to a public accommodation:

> a plaintiff must (1) allege[ ] past injury under the ADA; (2) show that it is reasonable to infer from [his or] her complaint that this discriminatory treatment will continue; and (3) show that it is also reasonable to infer, based on the past frequency of [his or] her visits and the proximity of [the public accommodation] to [his or] her home, that [he or she] intends to return to [the public accommodation] in the future.

Harty v. Simon Prop. Grp., L.P., 428 F. App'x 69, 71 (2d Cir. 2011) (quoting Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008) (internal quotation marks omitted)). A plaintiff can establish an injury under the ADA by demonstrating: "(1) that [he or] she suffered a direct injury by personally encountering unlawful barriers at the defendant's property; or (2) by showing that [he or] she was deterred from using the property because it does not comply with the ADA." Chamaidan v. Tomy B. Haircare Inc., No. 17 CV 6948, 2019 WL 4917895, at *3 (E.D.N.Y. Sept. 30, 2019) (citing Kreisler, 731 F.3d at 188; Feltzin v. Triangle Props. #1, LLC, No. 14 CV 5131, 2016 WL 11599254, at *5 (E.D.N.Y. Dec. 15, 2016)). Furthermore, ADA

4

standing can be established based on a plausible intention to return to the public accommodation as either a patron or as a tester seeking to determine whether the public accommodation has been rendered ADA-compliant. Harty v. Simon Prop. Grp., L.P., 428 F. App'x at 71.

I find that the allegations in plaintiff's complaint are sufficient to establish his standing to seek injunctive relief under Title III of the ADA. Plaintiff alleges that, despite an attempt to access the Premises within the three years prior to filing this action, he has been denied access to the Premises due to several architectural barriers. (Compl. ¶¶ 16, 18-19.) Plaintiff lists ten separate violations that restrict his access to the Premises, including an inaccessible entrance without a ramp or handrails. (Id. ¶ 21.) Plaintiff alleges that he has a "realistic, credible and continuing threat of discrimination from the defendants' non-compliance" because he resides in Kings County, New York, where the Premises is also located, and he intends to return to the Premises in the near future. (Id. ¶¶ 5, 17, 27.) These allegations, accepted as true, establish that plaintiff has actual knowledge of access barriers to the Premises, that plaintiff would patronize the Premises but for the architectural barriers preventing his access to and use of the Premises, and that plaintiff intends to return to the Premises in the future.

Plaintiff also alleges that he has physical conditions that inhibit walking and restrict body motion range and movement. (Id. ¶ 6.) As a result, he uses a wheelchair for mobility. (Id.) Thus, plaintiff clearly has a statutorily protected disability. 42 U.S.C. § 12102(2)(A). Plaintiff alleges that the Premises is a place of public accommodation subject to the ADA. (Compl. ¶ 9.) Under the ADA, a place of public accommodation includes "a restaurant, bar, or other establishment serving food or drink[.]" 42 U.S.C. § 12181(7)(B). Here, while plaintiff only vaguely describes the Premises as a "place of public accommodation," this court infers that the establishment is a restaurant or bar that serves food and drinks. (See Compl.

5

¶¶ 9, 21) (referring to dining tables and a bar.)[1]  Such allegations are sufficient to establish plaintiff's standing to seek injunctive relief under Title III of the ADA.  See Harty v. Simon Prop. Grp., L.P., 428 F. App'x at 71.

### B. Liability

Plaintiff has satisfied the requirement for liability under Title III of the ADA, which provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  The ADA defines discrimination to include:

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently . . . because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden; [and] a failure to remove . . . barriers . . . in existing facilities . . . where such removal is readily achievable.

42 U.S.C. § 12182(b)(2)(A)(iii), (iv); see also Roberts v. Royal Atl. Corp., 542 F.3d 363, 367 (2d Cir. 2008).  Under the ADA, the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).  Plaintiff alleges, and the court accepts as true, that defendants constructed and now own/operate a restaurant that is inaccessible to plaintiff, knowingly maintain the restaurant in this inaccessible form, have failed to take adequate actions to remove barriers to access, and have failed to

---

[1] See also https://www.dziuplabkny.com/.  Dziupla's website states that the establishment is a restaurant operating at 194 Bedford Avenue, Brooklyn, New York 11249.

provide reasonable alternatives to barrier removal.  (Compl. ¶¶ 36, 38, 42-43.)  Accordingly, plaintiff has established liability under the ADA.  42 U.S.C. § 12182(b)(2)(A)(iii), (iv), (v).

        C. Relief

Plaintiff requests an injunction requiring defendants to take the necessary steps to make the Premises compliant with the ADA.  Injunctive relief is available under the ADA to rectify violations of access requirements.  42 U.S.C. § 12188(a)(2).  As discussed above, plaintiff has established that architectural barriers exist that prevent and/or restrict plaintiff's access to the Premises.  (Compl. ¶ 12.)  When a plaintiff demonstrates that a defendant has failed to remove barriers in violation of 42 U.S.C. § 12182(b)(A)(iv), "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities."  42 U.S.C. § 12188(a)(2).  As this is a motion for default judgment, the court accepts as true that the Premises is not in compliance with the standards set forth in the ADA.  Therefore, plaintiff is entitled to injunctive relief.

However, plaintiff requests a permanent injunction "ordering **defendants to close and cease all business** until defendants remove all violations."  (Plaintiff's Memorandum of Law, dated Feb. 3, 2022 ("Pl.'s Mem."), Dkt. No. 11, at 12-13 (emphasis in original); Compl. at 16.)  Plaintiff has not provided any information as to how long it would take defendants to make the modifications; nor has plaintiff provided any explanation as to why the restaurant cannot stay open while the modifications are made.  See Taylor v. 312 Grand St. LLC, No. 15 CV 5410, 2016 WL 1122027, at *4 (E.D.N.Y. Mar. 22, 2016) (emphasizing that the court has "no way of knowing from an architectural perspective whether the injunction that [is] issue[d] should require the necessary alterations in a week, which may be infeasible, or a year, which might be far too long."); see also Florez v. Mister Cangrejo NY Corp., No. 20 CV 4745, 2022 WL 837490, at *5

7

(E.D.N.Y. Mar. 1, 2022), report and recommendation adopted, 2022 WL 837056 (E.D.N.Y. Mar. 21, 2022); Dunston v. Spice of India Inc., No. 20 CV 493, 2022 WL 994502, at *6 (E.D.N.Y. Feb. 14, 2022); O'Rourke v. Drunken Chicken in NY Corp., No. 19 CV 3942, 2020 WL 4013187, at *4 (E.D.N.Y. July 16, 2020).  Plaintiff does not cite any authority, and this court does not know of any, ordering an injunction closing a defendant's establishment until the alleged ADA violations are remedied.  Instead, "the often-used method in this district for awarding injunctive relief in ADA cases is to require defendants to submit a compliance plan within a prescribed period of time."  Id.; see also Dunston, 2022 WL 994502, at *6; Taylor, 2016 WL 1122027, at *4.

Therefore, I respectfully recommend that the court issue an injunction (1) requiring defendants to submit to plaintiff's counsel an implementation plan that remedies the violations of the ADA Accessibility Guidelines identified in the complaint within sixty (60) days of any order adopting this report and recommendation; (2) granting plaintiff thirty (30) days from receipt of defendants' plans to consent or to seek further relief from the court; and (3) directing defendants to make the necessary alterations within sixty (60) days of plaintiff's consent or any ruling on plaintiff's request for further relief.  See, e.g., O'Rourke, 2020 WL 4013187, at *4; Taylor, 2016 WL 1122027, at *4; Shariff v. Alsaydi, No. 11 CV 6377, 2013 WL 4432218, at *4 (E.D.N.Y. Aug. 15, 2013).

    2. New York State Human Rights Law, New York State Civil Rights Law, and New York City Human Rights Law Claims

Plaintiff alleges that defendants violated the NYSHRL, N.Y. Exec. Law § 296(2)(a)[2]; the NYSCRL, N.Y. Civ. Rights Law §§ 40-c, 40-d[3]; and the NYCHRL, N.Y. Admin. § 8-107(4)(1)(a).[4]  These claims are based on the same accessibility barriers that underlie plaintiff's ADA claim.  A claim for disability discrimination under the NYSHRL is governed by the same legal standards as the ADA.  See Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 n.3 (2d Cir. 2006); Shariff v. Beach 90th St. Realty Corp., No. 11 CV 2551, 2013 WL 6835157, at *5 (E.D.N.Y. Dec. 20, 2013).  Because plaintiff has met the standard for establishing liability under the ADA, I find that defendants are liable for violating the NYSHRL on the basis of the same accessibility barriers that establish ADA liability.  A claim for disability discrimination under the NYCHRL goes "beyond those of counterpart state or federal civil rights laws," such

---

[2] The NYSHRL, N.Y. Exec Law § 296(2)(a), provides that:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . .

[3] Section 40-c provides that "[n]o person shall, because of … disability … be subjected to any discrimination in his or her civil right … by any other person or by any firm, corporation or institution."

[4] The NYCHRL, N.Y. Admin. § 8-107(4)(1)(a), provides that:

> It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation . . . because of any person's . . . disability . . . directly or indirectly, to refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, facilities or privileges of the place or provider of public accommodation . . . .

that a plaintiff who establishes an ADA or NYSHRL violation has also established a claim under the NYCHRL. See Florez, 2022 WL 837490, at *5; see also Cox v. Anjin LLC, No. 19 CV 4315, 2020 WL 5027864, at *7 (S.D.N.Y. July 24, 2020), report and recommendation adopted, 2020 WL 5018255 (S.D.N.Y. Aug. 25, 2020). Taking plaintiff's allegations as true that the architectural barriers at the Premises sent an implicit statement that patrons who use wheelchairs are not welcome, I find that defendants are liable for violating the NYSHRL, the NYSCRL, and the NYCHRL based on the same architectural barriers that establish ADA liability. (See Compl. ¶¶ 48, 54, 66, 71-72.)

### A. Compensatory Damages

Plaintiff requests compensatory damages under the NYSHRL and NYCHRL. As plaintiff's requested damages are considered in the context of default judgment, it bears noting that a defendant's default "is not considered an admission of damages." Greyhound, 973 F.2d at 158 (citing Flaks v. Koegel, 504 F.2d 702 (2d Cir. 1974)); see also Au Bon Pain, 653 F.2d at 65 ("[A]t the inquest, the court should have accepted as true all of the factual allegations of the complaint, except those relating to damages.") Therefore, "[i]f the defaulted complaint suffices to establish liability, the court must conduct an inquiry sufficient to establish damages to a 'reasonable certainty.'" Gunawan, 897 F. Supp. 2d at 83 (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)). A court may rely on affidavits or other documentary evidence to obviate the need for a hearing on damages. Ziegler v. Allied Commercial Roofing, Inc., No. 13 CV 2638, 2014 WL 4437316, at *2 (E.D.N.Y. Sept. 9, 2014) (citing Transatl. Marine Claims Agency, Inc. v. Ace Shipping Co., 109 F. 3d 105, 111 (2d Cir. 1997)).

10

Plaintiff requests an award of $1,000 in compensatory damages under the NYSHRL and NYCHRL. Plaintiff alleges that he has suffered and continues to suffer "emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety" as a direct result of the inaccessibility of the Premises. (Compl. ¶ 54.)

"The New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage other than what a decent and reasonable individual would suffer when faced with such ignorant behavior." Kreisler v. Second Ave. Diner Corp., No. 10 CV 7592, 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012), aff'd, 731 F.3d 184 (2d Cir. 2013) (internal citation and quotation marks omitted). Following the New York City Human Rights Commission's recommendation, "[c]ourts in this circuit find an award of $1,000 to be appropriate in similar cases." Shariff, 2013 WL 6835157, at *4; see also Shalto v. Bay of Bengal Kabob Corp., No. 12 CV 920, 2013 WL 867429, at *13 (E.D.N.Y. Feb. 6, 2013) (awarding $1,000 to compensate plaintiff for "damages reasonably incurred by . . . being unable to enjoy a meal at Defendant's [property] because of architectural barriers"), report and recommendation adopted as modified, 2013 WL 867420 (E.D.N.Y. Feb. 6, 2013); Kreisler, 2012 WL 3961304, at *15 (awarding $1,000). Therefore, I respectfully recommend that plaintiff be awarded $1,000 in compensatory damages under the NYSHRL and NYCHRL.

B. Statutory Damages

Plaintiff also seeks $500 in statutory damages pursuant to NYSCRL §§ 40-c and 40-d which provides for "a private cause of action to recover a statutory penalty against those who" discriminate against an individual based on his or her disability. Florez, 2022 WL 837490, at *6 (citing N.Y. Civ. Rights Law § 40); see also Feacher v. Intercontinental Hotels

11

Grp., 563 F. Supp. 2d 389, 407 (N.D.N.Y. 2008). For every violation of the NYSCRL, defendants shall be liable "to a penalty of no less than one hundred dollars and no more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside." N.Y. Civ. Rights Law § 40-d. However, the statute further requires that "at or before the commencement of any action under this section, notice thereof shall be served upon the attorney general." Id. The complaint does not allege that plaintiff served the attorney general or provide any evidence in connection with this motion to establish that the attorney general was served with notice. See Feacher, 563 F. Supp. 2d at 407 ("The failure to comply with notice provisions … is fatal to a private action . . . .") Since plaintiff has provided no proof of notice, I respectfully recommend that plaintiff's request for $500 in statutory damages be denied without prejudice. Plaintiff should be given leave to supplement his motion with supporting documentation of his service of notice to the attorney general "at or before the commencement" of this suit. See id. If plaintiff later presents proof of compliance with the notice requirement, I recommend that he be awarded the additional $500 pursuant to NYSCRL §§ 40-c and 40-d.

    3. Attorney's Fees and Costs

A prevailing party in an ADA action is entitled to recover reasonable attorney's fees, including litigation expenses and costs. 42 U.S.C. § 12205. Plaintiff requests $4,950 in attorney's fees and $2,082 in costs. (Pl.'s Mem. at 40-41.) The starting point for determining the presumptively reasonable fee award is the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Gaia House Mezz LLC v. State St. Bank & Tr. Co., No. 11 CV 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)). A

fee applicant "bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records." Santillan v. Henao, 822 F. Supp. 2d 284, 299 (E.D.N.Y. 2011) (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983)). "All applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." Carey, 711 F.2d at 1154; see also Kingvision Pay–Per–View, Ltd. v. The Body Shop, No. 00 CV 1089, 2002 WL 393091, at *5 (S.D.N.Y. Mar. 13, 2002) (denying request for attorney's fees and costs where plaintiff did not offer supporting documentation showing how the fees were calculated).

While plaintiff's counsel has supported his request for attorney's fees and costs with time and expense records, this court must also determine the reasonableness of the hourly rate and the number of hours billed in this case. See Florez, 2022 WL 837490, at *6; see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183-84 (2d Cir. 2008). To determine a reasonable hourly rate, courts consider "market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)). A fee applicant bears the burden of demonstrating that the requested hourly rate is reasonable and similar to the rates charged by attorneys of like skill and experience. See Hashimi v. CLMO, LLC, No. 20 CV 1073, 2021 WL 3478174, at *5 (E.D.N.Y. July 19, 2021), report and recommendation adopted, 2021 WL 3472658 (E.D.N.Y. Aug. 6, 2021).

Here, plaintiff seeks to recover attorney's fees for Gabriel A. Levy, Esq. at an hourly rate of $450 for eleven hours of legal work performed in this matter. (Pl.'s Mem. at 40.)

Counsel has not provided documentation justifying his requested $450 hourly rate. (See Pl.'s Mem. at 11-12.) Counsel only contends that the hourly rate is based on "his experience litigating civil rights cases, particularly those involving discrimination claims under the ADA" and that he has litigated "over 80 cases involving ADA claims." (Id. at 12.) However, counsel does not include the typical hourly rate that he charged his clients in these other cases. Counsel also does not provide examples of cases awarding the same rate to attorneys with comparable experience. See Feltzin v. Union Mall LLC, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019) (internal quotation marks and citation omitted) (determining a $425 hourly rate for one partner to be reasonable because he had "engaged in ADA litigation since 2001 and this district ha[d] recently awarded him an hourly rate of $425 in a case with [a] substantially similar fact pattern); Cankat v. 41st Ave. Rest. Corp., No. 15 CV 4963, 2016 WL 7217638, at *4 (E.D.N.Y. Dec. 12, 2016) (collecting cases and determining reasonable attorney's fees based on the credentials supplied by counsel).

Further, counsel fails to explain why his requested billing rate is reasonable given that this is a routine ADA default case. See Monge v. Glen Cove Mansion Hosp., LLC, No. 18 CV 7229, 2020 WL 1666460, at *6 (E.D.N.Y. Apr. 2, 2020) (reducing attorney's hourly rate to $300 for a case with the "same boilerplate complaint used in" similar ADA cases). In fact, the $450 per hour rate is higher than what is typically awarded in this court for "non-complex" ADA cases. See Hashimi, 2021 WL 3478174, at *5; see also Chavez v. 25 Jay St. LLC, No. 20 CV 845, 2021 WL 982865, at *8-9 (E.D.N.Y. Feb. 24, 2021) (recommending, in the default judgment context, a rate of $300 per hour for attorney admitted in 1985), report and recommendation adopted, 2021 WL 980257 (E.D.N.Y. Mar. 16, 2021); Grinblat v. H & 6 Assocs. Inc., No. 19 CV 2034, 2020 WL 7000347, at *3 (E.D.N.Y. July 10, 2020)

14

(recommending a $300 hourly rate for counsel with nineteen years of ADA-related litigation experience), report and recommendation adopted, 2020 WL 6110826 (E.D.N.Y. Oct. 15, 2020).

An internet search shows that plaintiff's counsel graduated from law school in 2016 and has been a practicing lawyer for five years.[5] Therefore, a rate of $275 per hour is reasonable for Mr. Levy's work. See Rudler v. MLA Law Offices, Ltd., 19 CV 2170, 2021 WL 4398087, at *1 (E.D.N.Y. Sept. 27, 2021) (awarding a $275 hourly rate for attorney with five years of experience); Finkel v. Millennium Fire Servs., LLC, No. 18 CV 6865, 2019 WL 1605186, at *4 (E.D.N.Y. Mar. 29, 2019) (finding $275 per hour reasonable for associate while $350 per hour was reasonable for a more experienced partner); see also Witek v. City of New York, No. CV 12 981, 2015 WL 5022529, at *3 (E.D.N.Y. Mar. 26, 2015) (awarding a $275 per hour rate to attorney with around four years of experience), report and recommendation adopted in part, No. 12 CV 981, 2015 WL 5022538 (E.D.N.Y. Aug. 24, 2015); Santiago v. Coco Nail HB, Inc., No. 10 CV 3373, 2012 WL 1117961, at *3-4 (E.D.N.Y. Mar. 16, 2012) (recommending a reduction of attorney's fees from $425 hourly rate to $275 where the attorney failed to provide evidence of his background and experience).

The court next considers the reasonableness of the number of hours billed. Plaintiff's counsel billed a total of eleven hours on this case. (See Pl.'s Mem. at 40.) A fee applicant bears the burden of demonstrating the hours expended and the work performed. See Carey, 711 F.2d at 1147-48. In reviewing a fee motion, the court should exclude "excessive, redundant, or otherwise unnecessary hours." Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The court has the discretion to deduct

---

[5] See https://www.linkedin.com/in/gabriel-levy-esq-9a395689. Additionally, the Gabriel A. Levy Law Practice is described as a boutique law firm specializing in real estate law.

15

a reasonable percentage of the number of hours claimed "as a practical means of trimming fat from a fee application." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (quoting Hensley, 461 U.S. at 434).

    Having reviewed the time records, I find the number of hours billed to be excessive given that this is a relatively straightforward ADA case and some of the attorney's tasks were clerical ones normally performed by an administrative assistant or paralegal. See, e.g., Grinblat, 2020 WL 7000347, at *3 (citing cases). In cases like this one, "rather than engage in an entry-by-entry critique of the time billed, the [court] will reduce the amount of compensable time by a percentage that fairly reflects th[o]se considerations." Scharff v. County of Nassau, 10 CV 4208, 2016 WL 3166848, at *7 (E.D.N.Y. May 20, 2016). Accordingly, I respectfully recommend a twenty-five percent (25%) reduction in total hours claimed by counsel. See Treyger v. First Class Furniture & Rugs Inc., No. 21 CV 2902, 2022 WL 543026, at *9 (E.D.N.Y. Jan. 10, 2022) (applying a forty-percent across-the-board reduction in hours in a similar ADA case), report and recommendation adopted, 2022 WL 541795 (E.D.N.Y. Feb. 23, 2022); Rutledge v. Haru Inc., No. 20 CV 7641, 2021 WL 4429328, at *3 (S.D.N.Y. Sept. 27, 2021) (reducing all time entries billed by Mr. Levy by fifteen percent in a similar ADA case); Monge, 2020 WL 1666460, at *6 (applying a thirty-five percent reduction to the hours requested in a similar ADA case). Therefore, the total reasonable number of hours for which plaintiff may receive attorney's fees is 8.25 hours. At the rate of $275 an hour, I respectfully recommend that plaintiff be awarded $2,268.75 in attorney's fees.

    Plaintiff also requests $2,082 in costs: $402 in filing fees; $1,500 for an ADA inspection report; and $180 for service of process. (Pl.'s Mem. at 12.) Filings fees are recoverable "without supporting documentation if verified by the docket." Feltzin, 393 F. Supp.

16

3d at 219. "[P]rocess server fees are also recoverable but must be supported by documentation." Id. Here, plaintiff clearly paid the filing fee of $402. (See Compl.) However, plaintiff has not provided documentation to support the process server fees in the amount of $180. (See Affidavit of Robert Guyette, sworn to Oct. 13, 2021, annexed as Ex. 2 to Pl.'s Mem.) The affidavits of service state that plaintiff paid a fee of $40 each to the Secretary of State. (Id.) Plaintiff has submitted no other documentation to support the request for $180. (See Pl.'s Mem. at 12.) Therefore, I respectfully recommend that plaintiff be awarded $80 for service of process.

Additionally, plaintiff requests $1,500 for an ADA inspection report; however, there is no documentation to support this request. (See Pl.'s Mem. at 12.) Although costs like these may be recoverable, this request must be denied in the absence of documentation to establish that an inspection took place. See Florez, 2022 WL 837490, at *7 (denying $1,500 for an ADA inspection report when no documentation was provided to the court). Therefore, I respectfully recommend awarding plaintiff $482 in costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for default judgment be granted in part and denied in part. I recommend that: (1) defendants be found liable under the ADA, the NYSHRL, and the NYCHRL; (2) an injunction be issued ordering defendants to provide a compliance plan within sixty (60) days of any order adopting this Report and Recommendation; (3) plaintiff be awarded $1,000 in compensatory damages under the NYSHLR and the NYCHRL; (4) plaintiff's request for $500 in statutory damages pursuant to the NYSCRL §§ 40-c and 40-d be denied unless plaintiff can demonstrate that notice was served upon the attorney general; and (5) plaintiff receive an award of $2,268.75 in attorney's fees and $482 in costs.

Plaintiff is directed to serve a copy of this Report and Recommendation on defendants, and to file proof of service with the court. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time may waive a right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      August 08, 2022