UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
WILLIAM HENNESSY, by and through his Guardian, JOSEPHINE HENNESSY,

          Plaintiff,

  -against-

194 BEDFORD AVE REST CORP. D/B/A DZIUPLA AND NORTHSIDE PROPERTIES INC.,

          Defendants.

**MEMORANDUM AND ORDER**

Case No. 21-cv-5434-FB-RML

*Appearances:*
*For the Plaintiff*:
GABRIEL LEVY
Gabriel A. Levy, P.C.
1129 Northern Blvd, Suite 404
Manhasset, NY 11030

**BLOCK, Senior District Judge:**

    On August 8, 2022, Magistrate Judge Robert M. Levy issued a Report and Recommendation ("R&R") recommending that default judgment against Defendants 194 Bedford Avenue Rest Corp. d/b/a Dziupla and Northside Properties Inc. ("Defendants") be granted and an injunction be issued against Defendants ordering them to (1) provide a compliance plan to remedy violations of the Americans with Disabilities Act ("ADA") within sixty days of the R&R's adoption and (2) allowing Plaintiff thirty days from receipt of Defendants' compliance plan

to consent or seek further relief from the court. The R&R also recommended awarding Plaintiff $1,000 in compensatory damages, $2,268.75 in attorney's fees, and $482 in costs, as well as $500 in statutory damages if Plaintiff can demonstrate that notice was served upon the attorney general pursuant to N.Y. Civ. Rights Law § 40-d. Plaintiff has not demonstrated that notice was served upon the attorney general, so the judgment for $500 in statutory damages will not be entered.

William Hennessy ("Plaintiff") alleged violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW § 296, et seq., the New York State Civil Rights Law ("NYSCRL"), N.Y. Civ. Rights Law §§ 40-c, 40-d, and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code § 8-107. Defendants failed to answer or otherwise respond, and on January 26, 2022, the Clerk of Court entered a Certificate of Default against them.

Magistrate Judge Levy's R&R stated that failure to object within fourteen days of the date of the R&R waives the right to appeal. No objections were filed.

If clear notice has been given of the consequences of failing to object and there are no objections, the Court may adopt the R&R without de novo review. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and

recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted). The Court will excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here.

Accordingly, the Court adopts the R&R without de novo review, except that Plaintiff's $500 statutory damages award will not be ordered because he has not complied with the statutory notice requirement. The Court directs the Clerk to enter judgment in accordance with the R&R for judgment in favor of Plaintiff for $3,750.75, as well as an injunction ordering Defendants to provide a compliance plan to remedy violations of the Americans with Disabilities Act ("ADA") within 60 days of the R&R's adoption and allowing Plaintiff thirty days from receipt of Defendants' compliance plan to consent or seek further relief from the court.

**SO ORDERED.**

                                                                   _/S/ Frederic Block_____
                                                                     FREDERIC BLOCK
                                                                     Senior United States District Judge

Brooklyn, New York
September 12, 2022